# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-45V

```
* * * * * * * * * * * * * * * * * * * * * * * * *    *
                                                     *
ALAN B. SHEPHERD,                                    *
                                                     *
                                                     *
                  Petitioner,                        *    Special Master Jennifer A. Shah
                                                     *
                                                     *
v.                                                   *
                                                     *
                                                     *    Filed: February 24, 2026
SECRETARY OF HEALTH AND                              *
HUMAN SERVICES,                                      *
                                                     *
                                                     *
                  Respondent.                        *
                                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Isaiah Kalinowski*, Bosson Legal Group, P.C., Fairfax, VA, for Petitioner.
*Benjamin P. Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]**

On January 11, 2017, Alan B. Shepherd ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), alleging that he developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), among other conditions, as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on January 15, 2014. ECF No. 1 ("Pet.") at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

After filing the petition, Petitioner filed an affidavit and several medical records. Exs. 1-10. On June 30, 2017, Respondent filed a Rule 4(c) Report, contending that entitlement to compensation should be denied. ECF No. 14. Thereafter, the parties filed several rounds of expert reports and medical literature, and Petitioner filed additional medical records. *See* Exs. 11-66; Exs. A-D.

On November 9, 2023, Petitioner filed a motion for a ruling on the record; Respondent filed a response to Petitioner's motion on February 23, 2024; and Petitioner filed a reply brief on March 26, 2024. ECF Nos. 78, 80-81. This case was reassigned to me on August 13, 2024. ECF No. 82.

Petitioner was initially represented by Mr. Otwell S. Rankin of Bonar, Bucher & Rankin PSC ("BBR"). On July 17, 2023, Mr. Isaiah Kalinowski of the Bosson Legal Group filed a motion to substitute as counsel for Petitioner. ECF No. 68. On September 4, 2025, Petitioner filed an application for interim attorneys' fees and costs, requesting a total of $80,285.49, comprised of $21,314.34 for Mr. Rankin, and $58,971.15 for Mr. Kalinowski. ECF No. 83 ("Fees App.") at 3. This is Petitioner's first motion for interim fees and costs. Petitioner has not incurred any personal costs. Fees App. at 3; Ex. 69. Respondent filed a response on September 16, 2025, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs. ECF No. 84 ("Fees Resp.") at 5. Petitioner did not file a reply brief.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$77,431.08** in interim attorneys' fees and costs, to be divided between Mr. Rankin and Mr. Kalinowski as described below.

I.    **Legal Standard**

    A. **Interim Attorneys' Fees and Costs**

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *1-2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony,

2

and undue hardship -- as factors to consider in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just the financial involvement of a petitioner; it also considers the expenditures of counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

## B. Good Faith

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 665 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). So long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

## C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just Petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Rountree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283-87 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis . . ." *Id.* at 286. The Court in *Chuisano* found that a petition that relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum.*

3

*Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs*., 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, a special master may consider a myriad of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.    Discussion

### A.  Undue Financial Hardship

The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Petitioner's counsel has worked on this case since 2016 and has not yet been awarded interim fees and costs. Counsel filed an affidavit, medical records, expert reports, and medical literature, along with briefing associated with the motion for ruling on the record. I find that Petitioner would suffer undue hardship without an award of interim fees and costs.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim, and he leaves the determination to my discretion. Fees Resp. at 4. I find that the petition was filed in good faith.

4

As discussed above, the threshold for reasonable basis is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence. Based on the materials filed by Petitioner thus far as described above, I find that he has maintained a reasonable basis for his claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award interim fees and costs as described below.

### C. Attorneys' Fees

Petitioner requests a total of $76,530.30 in attorneys' fees, consisting of $18,319.10[3] for Mr. Rankin and $58,211.20 for Mr. Kalinowski. Fees App. at 2-3; Exs. 67-68, 71. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).

### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests compensation for his former counsel, Mr. Rankin, at the following rates: $250.00 per hour for work performed in 2016; $281.00 per hour for work performed in 2017; $291.00 per hour for work performed in 2018; $297.00 per hour for work performed in 2019; $337.00 per hour for work performed in 2020; $360.00 per hour for work performed in 2021; $375.00 per hour for work performed in 2022; $390.00 per hour for work performed in 2023; and $405.00 per hour for work performed in 2024. Ex. 67; Ex. 71 at 2-3. Mr. Rankin also requests compensation for paralegal work performed from 2017-2019 at a rate of $150.00 per hour. *Id*.

---

[3] This total was calculated by subtracting the $2,995.24 sought for costs from the total amount sought, $21,314.34 ($21,314.34 - $2,995.24 = $18,319.10). *See* Ex. 67 at 7; Ex. 71 at 3-4.

[4] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015-2026 can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

Petitioner also requests compensation for his current counsel, Mr. Kalinowski, at the following rates: $445.00 per hour for work performed in 2023; $480.00 per hour for work performed in 2024; and $504.00 per hour for work performed in 2025.  Ex. 68.  Mr. Kalinowski also requests rates ranging from $165.00 to $195.00 per hour for paralegal work performed from 2023-2025.  *Id.*

The requested rates for Mr. Rankin are consistent with what he has previously been awarded and are in accordance with the Office of Special Masters' Fee Schedule; however, the requested rates for Mr. Rankin's paralegals require adjustment, as they are inconsistent with previously awarded rates.  *See Stacy v. Sec'y of Health & Hum. Servs.,* No. 17-1691V, 2024 WL 2273766, at \*3 (Fed. Cl. Spec. Mstr. Apr. 23, 2024); *Robbins v. Sec'y of Health & Hum. Servs.*, No. 16-1385V, 2023 WL 9502992, at \*2 (Fed. Cl. Spec. Mstr. Dec. 27, 2023); *Bechel v. Sec'y of Health & Hum. Servs.,* No. 16-887V, 2022 WL 3969922, at \*3 (Fed. Cl. Spec. Mstr. Aug. 1, 2022) (awarding $145.00 per hour for paralegal work billed in 2017 to 2022); *Johnson v. Sec'y of Health & Hum. Servs.,* No. 16-1449V, 2021 WL 4737466, at \*16 (Fed. Cl. Spec. Mstr. Aug. 13, 2021) (awarding $145.00 per hour for paralegal work billed in 2018 to 2020).  Accordingly, the rates for Mr. Rankin's paralegals will be reduced to their previously awarded rates: $145.00 per hour for work performed in 2017 to 2019.  This results in a $22.50 reduction.[5]

The requested rates for Mr. Kalinowski and his staff are consistent with those previously awarded and are in accordance with the Office of Special Masters' Fee Schedule.  *See Borgelt v. Sec'y of Health & Hum. Servs.*, No. 23-1051V, 2025 WL 2319039, at \*3-4 (Fed. Cl. Spec. Mstr. July 9, 2025); *Cruz v. Sec'y of Health & Hum. Servs.*, No. 18-1388V, 2025 WL 1290571, at \*4-5 (Fed. Cl. Spec. Mstr. Feb. 24, 2025); *Stacy*, 2024 WL 2273766, at \*3.  Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

### 2.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

---

[5] Applying Mr. Rankin's previously awarded paralegal rate of $145.00 per hour for work performed in 2017 to 2019 results in a $22.50 reduction ($150.00 - $145.00 = $5.00 x 4.5 hrs = $22.50 reduction).  *See* Ex. 71.

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed for at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

For Mr. Rankin and his firm, the overall hours spent on this matter appear to be reasonable; however, a reduction is necessary for time billed for administrative and clerical tasks. Most of these entries bill six minutes (or 0.10 hours) for receiving and reviewing filing notifications. *See* Ex. 67. Examples include (but are not limited to):

- December 15, 2020: 0:06 minutes billed by Mr. Rankin for "*Receipt and review Non-PDF Scheduling Order* – Petitioner to file testing results/status report by Feb 15, 2021";

- December 29, 2020: 0:06 minutes billed by Mr. Rankin for "*Receipt and review Doc 44* – Notice of Appearance of Alexis Babcock for Secretary of Health and Human Services";

- January 29, 2021: 0:06 minutes billed by Mr. Rankin for "*Receipt and review Doc 45* – Notice of Appearance by Benjamin Patrick Warder for Secretary of Health and Human Services."

*Id.* (emphases added). This issue has previously been raised with Mr. Rankin and his firm. *See Haubner v. Sec'y of Health & Hum. Servs.,* No. 16-1426V, 2019 WL 1039899, at *4-5 (Fed. Cl. Spec. Mstr. Feb. 8, 2019) (reducing fees by 10% for billing clerical tasks such as emailing staff and receiving and reviewing routine court orders); *Makstell v. Sec'y of Health & Hum. Servs.,* No. 16-1154V, 2018 WL 5780279, at *4-5 (Fed. Cl. Spec. Mstr. Sept. 11, 2018) (reducing fees by 10% for billing of clerical work such as receipt and review of court orders and emailing staff, among other issues). Because of the time billed for these tasks extended over several years, I will apply a 10% deduction from the requested attorneys' fees for Mr. Rankin. This results in a reduction of $1,831.91. Accordingly, Petitioner is awarded attorneys' fees for Mr. Rankin in the amount of $16,464.69.[6]

As for Mr. Kalinowski, the overall hours spent on this matter appear to be reasonable; however, a reduction is again necessary for time billed for administrative and clerical tasks. Some entries also include block billing, where non-compensable administrative tasks are indistinguishably billed together with compensable tasks. *See* Ex. 68. Examples of these non-compensable entries include (but are not limited to):

---

[6] This total reflects Petitioner's $18,319.10 request for attorneys' fees for Mr. Rankin and BBR minus the $22.50 reduction for paralegal work and $1,831.91 deduction for administrative tasks ($18,319.10 - $22.50 - $1,831.91 = $16,464.69).

- July 17, 2023: 1.0 hours billed by Mr. Kalinowski to "Review signed consent from previous counsel.  Revise and finalize motion for substitution.  Review docket for deadlines.  Draft motion for enlargement.  Telephone Respondent's Counsel to discuss motion. Revise motion into joint motion, based on call with Respondent's Counsel. *Review Order granting substitution*";

- January 1, 2024: 0.10 hours billed by Mr. Kalinowski to "*Review Order granting Respondent's motion for enlargement of time*";

- August 13, 2024: 0.10 hours billed by Mr. Kalinowski to "*Review Notice of Reassignment of case.*"

*Id*. (emphases added).   Mr. Kalinowski has previously been advised that block billing is inappropriate and that attorneys' fees for clerical and administrative tasks are not reimbursable in the Program, and he has had his requested attorneys' fees reduced on these bases.  *See Godfrey v. Sec'y of Health & Hum. Servs.,* No. 17-1419V, 2023 WL 5666162, at *6 (Fed. Cl. Spec. Mstr. Aug. 15, 2023) (reducing Mr. Kalinowski's fees by 5% because of hours billed for clerical work such as follow-ups on medical record requests and block billing); *Johnson,* 2021 WL 4737466, at *13 (reducing Mr. Kalinowski's fees because of hours billed for items such as reviewing CM/ECF notifications, along with other secretarial tasks); *Parmer v. Sec'y of Health & Hum. Servs.,* No. 16-880V, 2020 WL 1672909, at *5 (Fed. Cl. Spec. Mstr. Mar. 11, 2020) (reducing Mr. Kalinowski's fees by 5% due to block billing).  Because these tasks were performed over three years by Mr. Kalinowski, billed at different hourly rates, and included both administrative tasks and block billing, I will apply a flat $1,000.00 deduction from the requested attorneys' fees. Accordingly, Petitioner is awarded attorneys' fees for Mr. Kalinowski in the amount of $57,211.20.[7]

Accordingly, Petitioner is awarded attorneys' fees in the amount of **$73,675.89.**

### D.  Reasonable Costs

Petitioner requests a total of $3,755.19 for attorneys' costs between Mr. Rankin and Mr. Kalinowski.[8]  For Mr. Rankin's costs, Petitioner requests $559.75 for copy charges; $35.49 for postage; $400.00 for the petition filing fee; and $2,000.00 for the retainer of Dr. Kinsbourne.  Ex. 71 at 3-4.  For Mr. Kalinowski's costs, Petitioner requests $14.80 for PACER fees; $269.50 for medical record requests; and $475.65 for medical literature.  Ex. 68 at 9-10.

Petitioner provided documentation for the costs incurred by Mr. Kalinowski.  Ex. 68 at 12-29.  I find the costs for these items to be reasonable and award them in full.  Petitioner did not provide documentation for the copy charges, postage, and filing fee costs incurred by Mr. Rankin;

---

[7] This total reflects Petitioner's $58,211.20 request for attorneys' fees for Mr. Kalinowski minus the $1,000.00 deduction for administrative tasks and block billing ($58,211.20 - $1,000.00 = $57,211.20).

[8] This total reflects Mr. Rankin's $2,995.24 request for attorneys' fees and Mr. Kalinowski's $759.95 request for attorneys' fees.  *See* Ex. 71 at 3-4, Ex. 68 at 10.

however, because these costs are normal business expenses and are not unreasonable, I award them in full.  I discuss the remaining cost of Mr. Rankin's expert retainer below.

1.  Petitioner's Expert Costs for Marcel Kinsbourne, M.D.

Petitioner requests $2,000.00 for the retainer of Dr. Kinsbourne.  Ex. 71 at 4.  Petitioner noted that Dr. Kinsbourne passed away before providing counsel with invoices for his work in this case, and his widow was unable to locate any such invoices or similar documentation.  Fees App. at 1-2.  Therefore, Petitioner is only asserting a claim for Dr. Kinsbourne's retainer, and not for any additional expert fees.  *Id.*  The retainer requested for Dr. Kinsbourne is consistent with what has previously been awarded and is fair to award here, as Dr. Kinsbourne provided multiple expert reports and replies in this case.  *See White v. Sec'y of Health and Hum. Servs.,* No 18-592V, 2023 WL 9181287, at *3 (Fed. Cl. Spec. Mstr. Dec. 15, 2023); *Romero v Sec'y of Health and Hum. Servs.,* No 18-1625V, 2023 WL 2598014, at *6 (Fed. Cl. Spec. Mstr. Feb. 24, 2023); Exs. 11, 18, 27, and 31.

I award Petitioner a total of **$3,755.19** in attorneys' costs.[9]

## III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of awards of interim attorneys' fees and costs, and based on the foregoing, I **GRANT IN PART** Petitioner's application.  Petitioner is awarded interim attorneys' fees and costs in the total amount of **$77,431.08** as follows:

- A lump sum in the amount of **$19,459.93**, representing reimbursement of Petitioner's interim attorneys' fees and costs,[10] to be paid through an ACH deposit to Mr. Otwell Rankin's IOLTA account for prompt disbursement; and

- A lump sum in the amount of **$57,971.15**, representing reimbursement of Petitioner's interim attorneys' fees and costs,[11] to be paid through an ACH deposit to Mr. Isaiah Kalinowski's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[12]

---

[9] For Mr. Rankin's cost, Petitioner is awarded $559.75 for copy charges, $35.49 for postage, $400.00 for the petition filing fee, and $2,000.00 for Dr. Kinsbourne's retainer fee; for Mr. Kalinowski's costs, Petitioner is awarded $14.80 for PACER fees, $269.50 for medical record requests, and $475.65 for medical literature.

[10] $16,464.69 in attorneys' fees and $2,995.24 in costs; totaling $19,459.93.

[11] $57,211.20 in attorneys' fees and $759.95 in costs; totaling $57,971.15.

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Jennifer A. Shah**</u>
Jennifer A. Shah
Special Master